IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                             4:20-CR-00199-01-BRW

HABEEB ULLAH MUHAMMAD

### ORDER

Defendant's Motion to Appoint Counsel and Reduce Sentence (Doc. No. 31) is DENIED.

First, Defendant is not entitled to the zero-point reduction, because he has 27 criminal history points, not 0.

Second, Guideline Amendment 821 does not change Defendant's criminal history category. Although it reduces his criminal history score from 28 to 27, his criminal history category and guideline range remain the same.[1]

Third, Defendant's plea agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[3]

---

[1] *See* U.S.S.G 1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. No. 21.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).

Finally, to the extent that Defendant seeks the compassionate release, appointment of counsel is denied because there is no right to appointed counsel in sentence modification proceedings[4] and he has not presented extraordinary or compelling reasons to support release.

IT IS SO ORDERED this 5th day of February, 2024.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[4] *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (per curiam).